**Foulks v. University of Pittsburgh**

*Walter Bleil* and *John Murtagh,* for plaintiff.
*Alan Garfinkel* and *Adam Hobaugh,* for defendant.

FRIEDMAN, *J.,* November 10, 2008—The plaintiff has appealed from this court's order dated June 9, 2008 in which we granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint with prejudice. At issue in this case is the application of the statute of limitations. The plaintiff and defendant disagree as to when the statute of limitations should begin to run.

The facts of the case are as follows: In the spring of 1996, the plaintiff negotiated with the defendant university to become the chairman of the university's Ophthalmology Department. During the negotiations, plaintiff proposed that an endowed chair be established for him.

The plaintiff alleges in his complaint, at 1J8, that a letter he sent to the defendant on April 26, 1996 contains the terms and conditions of his employment. The letter states, inter alia:

"An endowed chair will be established for me at the University of Pittsburgh in the amount of $1.5 million to be completed by the fifth year. It is understood that the Eye and Ear Foundation will immediately begin fundraising for the endowed chair with the initial contribution of $750,000.

"The endowed chair will be completely funded to the amount of $1.5 million within five years through the continued assistance of UPMC. In the event that the fundraising at the end of five years is incomplete, the balance of the endowment will be contributed by UPMC . . . ." (Exhibit "B" to complaint.)

The plaintiff began his employment with defendant around August 1996. Plaintiff alleges that by August of 2001, defendant had failed to establish a chair for him and had taken no steps to fund it. Plaintiff left defendant's employ in October 2003, and filed his complaint in breach of contract on October 20, 2004.

The two key issues raised by the letter of April 26, 1996 are, first, whether the chair was to be established for plaintiff personally, or for the chairperson of the Department of Ophthalmology, whoever that might happen to be, and second, at what point the fundraising had to be completed. In its motion for summary judgment, the defendant alleges that plaintiff's familiarity with the Eye and Ear Foundation (EEF) allowed the plaintiff to know, no later than September 1997, that the EEF was not go-

ing to endow a chair for plaintiff personally, but rather for the chairperson of the Department of Ophthalmology, whoever that might happen to be. Because of plaintiff's position as the chairman of the Department of Ophthalmology, he automatically became a member of the EEF board of directors upon his arrival in Pittsburgh in August 1996. (Deposition of Gary N. Foulks M.D., pp. 50 and 94, in defendant's appendix to motion for summary judgment.) Plaintiff testified in his deposition that he was on notice of debates at the EEF regarding the chair. He did not participate in the decision on it because of his conflict of interest, but he had notice. He was aware that the EEF debated whether the chair would be for him personally or for the department chairperson in general. (Foulks deposition, pp. 55-57.) The EEF adopted a strategic plan in October 1996, with plaintiff at the meeting. It then approved an agreement with the defendant and UPMC in April 1997. The gist of these included funding for a general chair for the department head. The plaintiff voted to approve this. Therefore, argues the defendant, plaintiff knew about the "breach of contract" that he complains of in 1997, and the statute of limitations should begin to run then. (The defendant disputes that plaintiff's original employment contract required a chair specifically for him, but argues that that issue is irrelevant to the motion for summary judgment.)

In his reply to the motion for summary judgment, plaintiff argues that the contract was not yet breached when the EEF refused to provide the proper funding for the chair. Rather, contends the plaintiff, the breach occurred when the defendant university failed to *complete* the funding by the fifth year (2001).

Plaintiff alleges that the endowed chair was to be established for him personally, while the defendant alleges that it was to be for the chairperson of the Department of Ophthalmology, whoever that might be.

Plaintiff argues that the original letter from plaintiff to defendant regarding the terms of his employment is a contract to which plaintiff and defendant, but not the EEF, are parties. The letter says that the EEF will begin the fundraising, but it also says that the chair will be completely funded within five years, and that if the fundraising is not complete by that time, the balance of the endowment will be contributed by UPMC.

Plaintiff further argues that in 1997, after the EEF decided not to fund a chair for plaintiff, the defendant never informed plaintiff that it did not intend to fulfill its obligations under the agreement. EEF's decision not to participate in the fundraising for the chair did not relieve the defendant of its obligations to fund the chair at the end of the five years. Therefore, contends plaintiff, the statute of limitations should begin to run at the end of the fifth year—2001.

We granted defendant's motion for summary judgment based on the issue of statute of limitations. There were two material terms of plaintiff's contract with defendant—that the chair be established for him personally, and that the funding be completed within five years. The plaintiff knew in 1997 that the first term was not going to be complied with, when EEF, of which plaintiff was a member, voted on the funding. Plaintiff was therefore on notice in 1997 that the contract was being breached, and his time to sue began to run. Even though the defen-

dant had five years to complete the fundraising for the chair, that is not the "trigger" that sets the statute of limitations in motion. The term of the contract allegedly requiring a personal chair for plaintiff undisputedly had already been breached.

We properly granted summary judgment in favor of the defendant.